UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Dwight B Robinson,

Plaintiff,



v.

TRANS UNION LLC,

Defendant.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

(15 U.S.C. §§1681 et seq.)

JURY TRIAL DEMANDED

I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p, as this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681 et seq.

2. Venue is proper in this District pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1391 because Plaintiff resides in this District and because Defendant conducts business in this District and utilized consumer information concerning Plaintiff in connection with the preparation of a consumer report that is the subject of this action.

## II. PARTIES

3. Plaintiff Dwight B Robinson is an individual, and therefore a consumer as defined by 15 U.S.C. §1681a(c).

4. Defendant Trans Union LLC is a consumer reporting agency as defined by 15 U.S.C. §1681a(f) and regularly engages in the business of assembling, evaluating, utilizing, and preparing consumer information for the purpose of furnishing consumer reports.

## III. NATURE OF THE ACTION

5. This is an action brought under 15 U.S.C. §§1681o and 1681n for Defendant's negligent and willful failures to comply with the requirements of the Fair Credit Reporting Act. This action is brought in the nature of an invasion of the consumer's right to privacy insured by 15 U.S.C. §1681(a)(4), arising from Defendant's noncompliance with statutory requirements governing the utilization and preparation of consumer information. As further analyzed in Exhibit I, information retained in a consumer file does not qualify for lawful utilization in a consumer report unless the statutory elements of 15 U.S.C. §1681a(d) are satisfied and applicable content limitations, including 15 U.S.C. §1681c, are met. Defendant's failures to comply with the Act's

requirements and responsibilities resulted in the invasion of Plaintiff's right to privacy, for which the Fair Credit Reporting Act provides exclusive statutory remedies.

## IV. GENERAL ALLEGATIONS

6. The Fair Credit Reporting Act imposes mandatory statutory requirements on consumer reporting agencies governing the utilization of consumer information and the preparation of consumer reports.

7. Among these requirements, consumer reporting agencies must comply with reasonable procedures adopted under 15 U.S.C. §1681(b) governing the proper utilization of consumer information, and must follow reasonable procedures when preparing consumer reports under 15 U.S.C. §1681e(b).

8. The Fair Credit Reporting Act further insures, as a statutory requirement, that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy. 15 U.S.C. §1681(a)(4).

9. Defendant failed to comply with these statutory requirements with respect to Plaintiff's consumer information, including requirements governing whether such information could be lawfully utilized as consumer-report information.

10. Defendant utilized and prepared consumer information concerning Plaintiff as consumer-report information without compliance with the applicable requirements of the Fair Credit Reporting Act.

11. Defendant's failures to comply with the Fair Credit Reporting Act's requirements resulted in the invasion of Plaintiff's right to privacy insured by 15 U.S.C. §1681(a)(4).

12. As a direct result of Defendant's failures to comply with the requirements and responsibilities imposed by the Fair Credit Reporting Act, Plaintiff sustained actual damages, including the loss of meaningful control over consumer information and costs of action reasonably incurred to identify, document, and respond to Defendant's noncompliance. These damages arise from, and reflect, an invasion of Plaintiff's right to privacy as insured by 15 U.S.C. §1681(a)(4), all as documented in the evidentiary record.

13. The factual allegations set forth herein are supported by a sworn affidavit executed by Plaintiff under penalty of perjury, which documents Defendant's failures to comply with the Fair Credit Reporting Act and the continuity of such noncompliance.

V. COUNT I

Negligent Noncompliance with the Fair Credit Reporting Act

15 U.S.C. §1681o

14. Plaintiff realleges and incorporates by reference all preceding paragraphs, including the Nature of the Action, as if fully set forth herein.

15. Defendant negligently failed to comply with the Fair Credit Reporting Act's requirements, including but not limited to its obligations under 15 U.S.C. §§1681(b) and 1681e(b), governing the utilization and preparation of consumer information.

16. Defendant's negligent noncompliance resulted in the invasion of Plaintiff's right to privacy insured by 15 U.S.C. §1681(a)(4), as described in the Nature of the Action.

17. As a result of Defendant's negligent noncompliance, Plaintiff is entitled to recover actual damages sustained, the costs of this action, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## VI. COUNT II

Willful Noncompliance with the Fair Credit Reporting Act

15 U.S.C. §1681n

18. Plaintiff realleges and incorporates by reference all preceding paragraphs, including the Nature of the Action, as if fully set forth herein.

19. Defendant willfully failed to comply with the Fair Credit Reporting Act's requirements, including but not limited to its obligations under 15 U.S.C. §§1681(b) and 1681e(b), governing the utilization and preparation of consumer information.

20. Defendant's willful noncompliance resulted in the invasion of Plaintiff's right to privacy insured by 15 U.S.C. §1681(a)(4), as described in the Nature of the Action.

21. Defendant acted knowingly and in reckless disregard of its statutory obligations under the Fair Credit Reporting Act.

22. As a result of Defendant's willful noncompliance, Plaintiff is entitled to recover actual damages sustained, statutory damages, punitive damages, the costs of this action, and reasonable attorney's fees pursuant to 15 U.S.C. §1681n.

## VII. STATUTORY CHANNELING AND EXCLUSIVITY OF REMEDIES (§1681h(e))

23. Plaintiff's claims are asserted exclusively under the Fair Credit Reporting Act. To the extent Defendant's conduct constitutes an invasion of privacy or related reputational harm arising from the utilization or preparation of consumer information, such claims are expressly governed and channeled by 15 U.S.C. §1681h(e) and are actionable solely through the statutory remedies provided under 15 U.S.C. §§1681o and 1681n.

## VIII. PRAYER FOR RELIEF

24. WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award actual damages pursuant to 15 U.S.C. §1681o;

C. Award statutory and punitive damages pursuant to 15 U.S.C. §1681n;

D. Award costs of this action and reasonable attorney's fees as provided by law;

E. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

25. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

_____    Dated: 02/03/2026

Dwight B Robinson

50 NE 212TH ST

Miami, Florida, 33179

(786) 366 7138

Dwightrobinson001@gmail.com

Pro Se Plaintiff