UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20702-ALTMAN

DWIGHT B. ROBINSON,

      *Plaintiff*,

*v.*

TRANS UNION LLC,

      *Defendant.*

_____/

## ORDER GRANTING MOTION TO DISMISS

Our *pro se* Plaintiff, Dwight B. Robinson, has sued Trans Union LLC ("Trans Union"), for violating his rights under the Fair Credit Reporting Act ("FCRA"). *See generally* Amended Complaint ("AC") [ECF No. 5]. The Defendant has now submitted a Motion to Dismiss ("Motion") [ECF No. 9], which is fully briefed, *see* Response in Opposition to Motion ("Response") [ECF No. 12]; Reply in Support of Motion ("Reply") [ECF No. 14]. After careful review, we **GRANT** the Motion.

## THE FACTS[1]

Our Defendant, Trans Union, is a "consumer reporting agency" that "regularly engages in the business of assembling, evaluating, utilizing, and preparing consumer information for the purpose of furnishing consumer reports." AC ¶ 4. Trans Union "negligently" and "willfully" failed to comply with the FCRA's statutory requirements. *See id.* ¶ 5 ("This is an action brought under 15 U.S.C. §§ 1681o and 1681n for Defendant's negligent and willful failures to comply with the requirements of the Fair Credit Reporting Act."). Trans Union's failure to "comply with the applicable requirements of the Fair

---

[1] We accept the allegations of the Amended Complaint as true for purposes of this Order. *See Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) ("In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but 'legal conclusions without adequate factual support are entitled to no assumption of truth.'" (quoting *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (cleaned up))).

Credit Reporting Act," *id.* ¶ 10, resulted "in the invasion of [the] Plaintiff's right to privacy insured by 15 U.S.C. § 1681(a)(4)," *id.* ¶ 11.

On February 3, 2026, Robinson sued Trans Union. *See* Complaint [ECF No. 1]. Three days later, on February 6, 2026, he filed his Amended Complaint, alleging five types of damages: (a) "the loss of control over consumer information"; (b) "the unauthorized exposure and utilization of consumer information beyond statutory limits"; (c) "reputational harm and distress"; (d) "emotional distress, anxiety, stress, and mental anguish"; and (e) "time, effort, and costs reasonably incurred to identify, document, and respond to Defendant's noncompliance." *Id.* ¶ 12.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff[.]" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

2

"'*Pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers,' but that 'leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action.'" *Moise v. Convergent Outsourcing, Inc.*, 2025 WL 253417, at *2 (S.D. Fla. Jan. 21, 2025) (Altman, J.) (first quoting *Abram-Adams v. Citigroup*, Inc., 491 F. App'x 972, 974 (11th Cir. 2012); and then quoting *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021)) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up). To that end, "judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Ibid.*

## ANALYSIS

Robinson has asserted claims under §§ 1681n and 1681o of the FCRA, which create civil liability for willful or negligent violations of the FCRA. *See* § 1681n ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . ."); § 1681o ("Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . ."); AC ¶ 5 ("This is an action brought under 15 U.S.C. §§ 1681o and 1681n for Defendant's negligent and willful failures to comply with the requirements of the Fair Credit Reporting Act."). The Plaintiff bases his claim on the "reasonable procedures" requirements of the FCRA in § 1681e. *See* AC ¶ 7 ("[C]onsumer reporting agencies . . .  must follow reasonable procedures in accordance with 15 U.S.C. § 1681e(b) when preparing consumer reports."). Section 1681e(b) provides as follows: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b). Trans Union urges us to dismiss the Amended Complaint because the "Plaintiff

has failed to assert any plausible factual enhancement to support his vague, conclusionary assertions." Motion at 2. We agree.

"To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). Robinson, however, doesn't identify any factual inaccuracies or unreasonable procedures. In fact, he provides no factual support for his claim *at all*.

Instead, the Plaintiff vaguely alleges that Trans Union "utilized and prepared consumer information concerning [the] Plaintiff as consumer-report information in a manner that does not comply with the applicable requirements," *id.* ¶ 10, which resulted in the "invasion of the Plaintiff's right to privacy," *id.* ¶ 11. The Defendants agree that they furnished a consumer report to Robinson. *See* Response at 5 ("Defendant furnished a consumer report concerning [the] Plaintiff after receiving [the] Plaintiff's written notices identifying [the] Defendant's statutory obligations and alleged noncompliance."). But the Amended Complaint never explains how that report violated the requirements of the FCRA. Nor does it tell us how his privacy has been invaded. Given these pleading deficiencies, we also don't know which entities received the consumer report, when the disclosures were made, or even what purportedly private information was shared.

The Supreme Court has been clear that our pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The Plaintiff's conclusory allegations here, lacking any factual support, don't "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556; *see also Reyes v. Trans Union, LLC*, 2024 WL 2976750, at *4 (S.D. Fla. June 13, 2024) (Altman, J.) ("[The Plaintiff] fails to allege (even in a conclusory fashion) that his Trans Union consumer credit reports contained inaccurate or incomplete information. He's thus failed to state a claim . . . so his claim must be dismissed."). We therefore **GRANT** the Motion to Dismiss.

\* \* \*

The Eleventh Circuit has repeatedly held that "'a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). "But a district court need not grant leave to amend when either (1) the district court has a clear indication that the plaintiff does not want to amend his complaint, or (2) a more carefully drafted complaint could not state a claim." *Woldeab*, 885 F.3d at 1291. This latter exception— sometimes known as the "futility" exception—applies "if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). The problem here is that we don't have *any* factual allegations, so we don't know whether "an amended complaint would still fail[.]" *Ibid.* We'll therefore give the Plaintiff *one* more chance to file a second amended complaint. But we warn Robinson that, if his second amended complaint still fails to comply with our pleading standards, we'll dismiss it *with prejudice*.

### CONCLUSION

After careful review, therefore, we **ORDER** and **ADJUDGE** as follows:

1. Trans Union's Motion to Dismiss [ECF No. 9] is **GRANTED**.

2. The Amended Complaint [ECF No. 5] is **DISMISSED** *without prejudice* and *with leave to amend*. If he chooses to do so, Robinson may file a second amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules, and this Order by **August 14, 2026**. His failure to comply with these requirements—or to file a second amended complaint on time—will result in dismissal of this case with prejudice and without further notice. This will be Robinson's last chance.

**DONE AND ORDERED** in the Southern District of Florida on July 31, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

6